IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division


FILED
JAN 15 2010
CLERK, U.S. DISTRICT COURT
NORFOLK VA

MYKAL S. RYAN,

**Plaintiff,**

v.             Civil Action No. 4:09cv51

LEE M. QUICK, *et al,*

**Defendants.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendants Lee M. Quick, Esq. and Lee M. Quick, P.C.'s Motion to Dismiss for Failure to State a Claim on Counts II, V, VII and VIII. These matters have been fully briefed and are ripe for judicial determination. For the reasons stated herein, Defendants' Motion to Dismiss for failure to state a claim upon which relief may be granted is **GRANTED** in part and **DENIED** in part.

### I. FACTUAL AND PROCEDURAL HISTORY

On July 16, 2009, Plaintiff filed an amended nine-count complaint against Lee M. Quick, Esq., Lee M. Quick, P.C., and John Doe's 1-10, alleging Computer Fraud pursuant to 18 U.S.C. § 1030, Interception and Disclosure of Electronic Communications pursuant to 18 U.S.C. § 2511, Unlawful Access to Stored Communications pursuant to 18 U.S.C. § 2701, Computer Trespass pursuant to Virginia Code § 18.2-152.4, Computer Fraud pursuant to Virginia Code § 18.2-152.3, and common-law torts Defamation, Intentional Infliction of Emotional Distress, and Civil Conspiracy. On August 11, 2009, Defendants Lee M. Quick, Esq. and Lee M. Quick, P.C. filed

an Answer and a Motion to Dismiss Counts II, V, VII and VIII. Plaintiff filed an Opposition to the Motion to Dismiss on August 21, 2009, and Defendants filed a Reply on August 27, 2009. On October 8, 2009 Plaintiff filed a Motion to Strike Defendants' Motion to Dismiss. The Court denied the Motion to Strike on November 11, 2009.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

## III. DISCUSSION

### A. Count II: Interception and Disclosure of Electronic Communications Under the Wiretap Act, 18 U.S.C. § 2511

Defendants argue that Plaintiff's Amended Complaint is devoid of any facts supporting a violation of the Wiretap statute. In response, Plaintiff argues that there are sufficient facts in the Amended Complaint that raise a reasonable expectation that discovery will reveal evidence that Defendants intercepted Plaintiff's oral, wire, or electronic communications.

The Wiretap Act, 18 U.S.C. § 2511, prohibits acts to "intentionally intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." Furthermore, under 18 U.S.C. § 2520, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used" in violation of the Act, may recover civil damages from the person or entity, other than the United States, which engaged in the violation. In its Motion to Dismiss, Defendants assert that the term "wire communication" in the Act is defined to include interception of communication while in storage, while "electronic communication" is limited to only those communications that are in transit. (Mem. Supp. 5.) Because there are no allegations in the Amended Complaint that Defendants intercepted a wire communication in storage, or an electronic communication during transmission, Defendants argue that Plaintiff has not provided facts supporting a violation of the Act. (Mem. Supp. 7.) Plaintiff asserts that whether the communications Plaintiff claims Defendants intercepted were in transit is a factual matter to be resolved at trial, and that upon information in belief, Defendants may have intercepted these communications while in transit. (Mem. in Opp. 4.)

This Court recognizes that Congress amended the Wiretap Act in 2001 to eliminate

3

"storage" from the definition of wire communication altogether. *Knoop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002 ). Therefore, Congress essentially removed the distinction and adopted the definition of "intercept" to mean acquisition contemporaneous with transmission for *both* wire and electronic communications. *Id.* Accordingly, for any communication to be "intercepted" in violation of the Act, it must be acquired during transmission, not while it is in electronic storage. *Id.; see also Global Policy Partners, LLC v. Yessin*, No. 1:09cv859, 2009 U.S. Dist. LEXIS 112472, at *17 (E.D.Va. Nov. 24, 2009) (holding same).

Plaintiff's Amended Complaint states that Defendants "unlawfully and without authorization accessed various facilities through which an electronic communication service is provided...where [Plaintiff's] electronic mail messages and other electronic data was stored. Through these actions, the Defendants obtained access to Ryan's electronic communications while in electronic storage." (Am. Compl. ¶ 16.) Accordingly, the Court finds that Plaintiff's Amended Complaint does not allege facts to indicate that Defendants acquired any electronic or wire communications that were in transit, and therefore does not support a claim under 18 U.S.C. § 2511. As such, Defendants' Motion to Dismiss Count II is **GRANTED**.

### B. Count V: Computer Trespass Under Virginia Code § 18.2-152.4

Defendants argue that this count must be dismissed because Plaintiff failed to allege that Defendants acted with malicious intent in order to state a claim for Computer Trespass. Pursuant to Virginia Code § 18.2-152.4, it is unlawful "for any person, with malicious intent, to...use a computer or computer network to make or cause to be made an unauthorized copy, in any form, including, but not limited to, any printed or electronic form of computer data, computer programs or computer software residing in, communicated by, or produced by a computer or computer network." The Code further provides for a civil remedy to parties whose property injured by

4

reason of a violation, pursuant to § 18.2-152.12(A). Finally, under §18.2-152.12, "any person whose property or person is injured by reason of a violation of any provision of this article or by any act of computer trespass *regardless of whether such act is committed with malicious intent* may sue therefor and recover for any damages and the costs of suit." (emphasis added).

In Count V, Plaintiff alleges that Defendants "used a computer or computer network to make or cause to be made an unauthorized copy of computer data, computer programs, or computer software residing in, communicated by, or produced by a computer or computer network." (Am. Compl. ¶ 38.) Furthermore, Plaintiff asserts that Defendants actions "were in violation of the law, willful and malicious, and done with bad faith and reckless disregard of [Plaintiff]s' rights." (Am. Compl. ¶ 47.) Plaintiff also states that "Defendants [were] working under an agenda to cause, through their concerted actions, irreparable harm." (Am. Compl. ¶ 20.)

The Court finds, regardless of whether or not Plaintiff specifically stated that Defendants acted with malicious intent, Plaintiff has stated a claim for Computer Trespass under Virginia Code § 18.2-152.4. As clearly articulated in § 18.2-152.12, malicious intent is unnecessary to impose civil liability for a computer trespass violation. Accordingly, Defendants' Motion to Dismiss Count V is **DENIED**.

### C. Count VII: Defamation

Defendants assert that Plaintiff's claim for defamation must fail because Defendant, Lee Quick, Esq ("Mr. Quick") is entitled to absolute (i.e. judicial) immunity by serving as a Special Commissioner by the York County Circuit Court for the purposes of selling property belonging to Plaintiff to satisfy certain judgments from California and Arizona. In response, Plaintiff argues that Mr. Quick is not entitled to immunity because Mr. Quick made the statements outside the scope of any judicial or quasi-judicial proceeding. Additionally, Plaintiff asserts that even if the

5

statements were made in a quasi-judicial proceeding, the communications were wholly unrelated to the purposes for which Mr. Quick was appointed a Special Commissioner.

Under Virginia law, a defamatory statement made in the course of a judicial proceeding is absolutely privileged if it is material and relevant to the proceeding. *Donohoe Constr. Co. v. Mount Vernon Associates*, 369 S.E.2d 857 (1988). It "applies to communications made in proceedings pending in a court." *Lindeman v. Lesnick*, 604 S.E.2d 55, 58 (2004). The privilege has also been applied to "quasi-judicial" proceedings such as an election contest, a petition to dismiss a criminal warrant, trial testimony, and an indictment. *Donohoe*, 369 S.E.2d at 860.

The Court finds that although Plaintiff's allegations suggest that Mr. Quick was in fact appointed to serve as Special Commissioner by the York County Circuit Court and may therefore receive immunity, it remains a factual question as to wether Mr. Quick's statements were made in a judicial or quasi-judicial proceedings, or were even relevant to any proceeding or the purposes for which Defendant served as a Special Commissioner and therefore subject to absolute immunity. Accordingly, Defendants' Motion to Dismiss Count VII is **DENIED**.

### D.  Count VIII: Intentional Infliction of Emotional Distress

Defendants argue that Plaintiff has failed to state a claim for intentional infliction of emotional distress because the acts stated in the Amended Complaint cannot be characterized as outrageous, and Plaintiff has not alleged that he suffered any emotional distress from Defendants' acts.

Actions for intentional infliction of emotional distress are not favored in Virginia because of their subjective nature. *Harris v. Kreutzer*, 624 S.E.2d 24 (2006). Under Virginia law, a Plaintiff cannot recover on an intentional infliction of emotional distress claim unless he alleges that: (1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous or

6

intolerable; (3) there was a causal connection between the defendant's conduct and the resulting emotional distress; and (4) the resulting emotional distress was severe. *Supervalu, Inc. v. Johnson*, 666 S.E.2d 335, 343 (2008) (citing *Womack v. Eldridge*, 210 S.E. 2d 145, 148 (1974)). Liability "arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it." *Russo v. White*, 400 S.E.2d 160, 163 (1991). It is insufficient for a defendant to have "acted with an intent which is tortious or even criminal." *Id.* (quoting RESTATEMENT (SECOND) OF TORTS, § 46 cmt. d). It must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* at 162. However, in federal court, Plaintiffs do not have to plead emotional distress with the particularity required in Virginia Courts. *Hatfill v. New York Times Co.*, 416 F.3d 320, 337 (4th Cir. 2005), *cert den'd*, 547 U.S. 1040 (2006). Rather, a plaintiff needs only to give the defendant fair notice of the claim and the ground upon which it rests. *Id.* at 337.

This Court finds Defendants' challenge of Plaintiff's claim for intentional infliction of emotional distress rests on the second and fourth elements of the tort. The Court will address each in turn.

### a. Outrageousness

Defendants first argue that Plaintiff fails to meet the second element of the tort because the alleged conduct set forth in the Amended Complaint is not outrageous or intolerable. Under Virginia law, "tortious or criminal intent is insufficient," to support a claim for intentional infliction of emotional distress, "and malice or conduct worthy of punitive damages is likewise insufficient." *Perk v. Wordon*, 475 F. Supp. 2d 565, 570 (E.D. Va. 2007) (citing *Russo*, 400 S.E.2d at 162). Furthermore, courts will not impose liability for "mere insults, annoyances, or

petty oppressions." *Simmons v. Norfolk Western Ry.*, 734 F. Supp. 230, 231 (W.D. Va. 1990).

In this case, Plaintiff alleges that Defendants' invaded and obtained information from his personal computer, and made allegedly defamatory statements to others that Plaintiff had been in jail, was trespassing, and was obstructing justice, all resulting in Plaintiff's termination of his security clearance. (Am. Compl. ¶ 18). Additionally, Plaintiff claims that Defendants' conduct was "in violation of the law, willful and malicious and done with bad faith and reckless disregard of [Plaintiff's] rights."

Taking Plaintiff's allegations as true for the purposes of the motion to dismiss, the Court finds that a reasonable jury may find that the actions Plaintiff describes meet the requisite level of outrageous conduct necessary to hold Defendants liable for intentional infliction of emotional distress. Therefore, Plaintiff has sufficiently alleged the element of outrageousness.

### b. Severity

Defendants also argue that Plaintiff's claim warrants dismissal because Plaintiff has not alleged severe injuries suffered from the alleged emotional distress. "The term 'emotional distress' travels under many labels, such as, 'mental suffering, mental anguish, mental or nervous shock...It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.'" *Russo v. White*, 400 S.E.2d 160, 163 (Va. 1991) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. j).

In this case, the Amended Complaint states that "Defendants' conduct under these circumstances is outrageous and intolerable [and Plaintiff] has been seriously damaged as a direct and proximate cause of this conduct." (Am. Compl. ¶ 47.) The Court finds that Plaintiff's claim for intentional infliction of emotional distress fails because Plaintiff does not allege that he suffered any emotional distress. In this case, the Amended Complaint states only that Plaintiff

has been "seriously damaged" as a result of Defendants' conduct. Although the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure applicable in diversity cases only requires fair notice of the claim and the grounds upon which it rests, Plaintiff's Amended Complaint is devoid of any allegations of emotional distress whatsoever. There is nothing in the record before the Court even remotely suggesting or describing any details of severe distress that Plaintiff suffered. Therefore Plaintiff's claim falls short of adequately stating a claim for intentional infliction of emotional distress. Accordingly, Plaintiff's motion to dismiss Count VIII is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss for Failure to State a Claim on Counts V and VII is **DENIED**. Defendants' Motion to Dismiss Count II and VIII is **GRANTED**. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
January 15, 2010

9